UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KALVIN BURRIS<br>2447 Edgerton Road<br>University Heights, Ohio 44118 | )<br>)<br>) | CASE NO.<br><br>JUDGE |
| Plaintiff, | )<br>)<br>) | |
| vs. | )<br>) | **PLAINTIFF'S COMPLAINT** |
| APPLIED MEDICAL TECHNOLOGY, INC.<br>c/o Statutory Agent 1932 Service Corp.<br>1301 East 9th Street<br>Cleveland, Ohio 44114 | )<br>)<br>)<br>)<br>)<br>)<br>) | (Jury Demand Endorsed Herein) |
| Defendant. | ) | |

Now comes Plaintiff, Kalvin Burris, by and through counsel, and for his Complaint against Defendant Applied Medical Technology, Inc. ("Defendant"), states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt employees, including Plaintiff and other similarly-situated employees, for all hours worked, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims

pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant maintains a business located at 8006 Katherine Blvd, Brecksville, Ohio, 44141, conducts business throughout this District and Division, and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

## **PARTIES**

5. At all times relevant herein, Plaintiff was a resident of Cuyahoga County, Ohio.

6. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

7. At all times relevant herein, Defendant maintained its principal place of business in Cuyahoga County, Ohio.

8. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

9. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

12. Written consents to join this action as to Count One, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## **FACTUAL ALLEGATIONS**

13. Defendant designs and manufactures enteral feeding devices and surgical products.

14. Defendant employed Plaintiff as a manufacturing employee between July 2016 and October 2016.

15. Other similarly-situated employees were employed by Defendant as manufacturing employees.

16. Defendant paid Plaintiff and other similarly-situated employees an hourly wage.

17. Defendant classified Plaintiff and other similarly-situated employees as non-exempt employees.

### **(Failure to Pay for All Hours Worked)**

18. Plaintiff and other similarly-situated employees were only paid for work performed between their scheduled start and stop times, and were not paid for the following work performed before and after their scheduled start and stop times: a) changing into and out of their uniform and personal protective equipment, including but not limited to a smock, hairnet, mask, shoe covers, gloves, boots and/or safety glasses; b) washing their hands; c) meeting with their supervisors and/or employees on the previous shift to get assignments; d) walking to and from their assigned area of the manufacturing floor; and e) performing their manufacturing work.

19. The amount of time Plaintiff and other similarly-situated employees spent on this required and unpaid work amounted to approximately 20 to 30 minutes each day.

### **(Failure to Pay For Donning Time)**

20. Before Plaintiff and other similarly-situated employees began their shifts, they donned a smock, hairnet, mask, shoe covers, gloves, boots and/or safety glasses.

21. The time Plaintiff and other similarly-situated employees spent donning their personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendant, the Occupational Safety and Health Administration ("OSHA"), and was performed for Defendant's benefit in that it helped keep the production floor safe, and helped promote a more safe and efficient manufacturing process.

22. Plaintiff and other similarly-situated employees were not paid for time spent donning their uniforms and personal protective equipment.

**(Failure to Pay For Postdonning Walk Time)**

23. After donning their and personal protective equipment, Plaintiff and other similarly-situated employees walked from the area in which they changed into personal protective equipment to the production floor. Such time constitutes "postdonning walk time."

24. Plaintiff and other similarly-situated employees were not paid for their postdonning walk time.

**(Failure to Pay for Time Spent Washing their Hands, and Meeting with their Supervisor and Other Employees)**

25. Before Plaintiff and other similarly-situated employees began their shift, they washed their hands, and meet with their supervisor and/or other employees on the previous shift to get their assignments.

26. The time Plaintiff and other similarly-situated employees spent washing their hands and meeting with their supervisor and other employees was an integral and indispensable part of their principal activities, was required by Defendant, and was performed for Defendant's benefit in that it allowed Plaintiff and other similarly-situated employees to perform their job.

**(Failure to Pay For Predoffing Walk Time)**

27. After the end of their shifts, Plaintiff and other similarly-situated employees

4

walked from the production floor to the area in which they changed out of their personal protective equipment. Such time constitutes "predoffing walk time."

28. Plaintiff and other similarly-situated employees were not paid for their predoffing walk time.

**(Failure to Pay for Doffing Time)**

29. At the end of their shifts, Plaintiff and other similarly-situated employees doffed their personal protective equipment.

30. The time Plaintiff and other similarly-situated employees spent doffing their personal protective equipment was an integral and indispensable part of their principal activities, was required by Defendant, OSHA, and was performed for Defendant's benefit in that it helped keep the manufacturing floor safe and helped promote a more safe and efficient manufacturing process.

31. Plaintiff and other similarly-situated employees were not paid for time spent doffing their personal protective equipment and uniforms.

**COLLECTIVE ACTION ALLEGATIONS**

32. Plaintiff brings Count One of this action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

33. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is himself a member, is composed of and defined as follows:

> All former and current manufacturing employees of Applied Medical Technology between July 20, 2015 and the present.

34. Plaintiff is unable to state at this time the exact size of the potential class, but

5

upon information and belief, avers that it consists of at least 500 persons.

35. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

36. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other members of the class ("the Ohio Class") defined as:

> All former and current manufacturing employees of Applied Medical Technology between July 20, 2015 and the present.

38. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least 500 persons.

39. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to pay overtime compensation to its welders for hours worked in excess of 40 each workweek; and

(b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. 4111.03 and 4111.10.

40. The claims of the named Plaintiff Kalvin Burris are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

41. Named Plaintiff Kalvin Burris will fairly and adequately protect the interests of the Ohio Class. His interests are not antagonistic to, but rather are in unison with, the interests of the other Ohio Class members. The named Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

42. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

43. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
**(Fair Labor Standards Act Violations)**

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. §§ 201-219 and 29 CFR § 785.24.

46. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 CFR 516.2(a)(7).

47. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated the provisions of the FLSA.

48. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damages in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
**(Violations of Ohio Revised Code 4111.03)**

49. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

50. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all of the hours they worked over 40 each workweek violated the OMFWSA, R.C. 4111.03.

51. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiff and other similarly-situated welders violated the OMFWSA, R.C. 4111.03.

52. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA.

53. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and all those similarly-situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the class he represents actual damages for unpaid wages;

D. Award Plaintiff and the class he represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the class;

E. Award Plaintiff and the class he represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the class he represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the class he represents further and additional relief as this

Court deems just and proper.

        Respectfully submitted,

        /s/ Anthony J. Lazzaro
        Anthony J. Lazzaro (0077962)
        Lori M. Griffin (0085241)
        Chastity L. Christy (0076977)
        The Lazzaro Law Firm, LLC
        920 Rockefeller Building
        614 W. Superior Avenue
        Cleveland, Ohio 44113
        Phone: 216-696-5000
        Facsimile: 216-696-7005
        lori@lazzarolawfirm.com
        chastity@lazzarolawfirm.com
        anthony@lazzarolawfirm.com
        Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

        /s/ Anthony J. Lazzaro
        One of the Attorneys for Plaintiff