UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KALVIN BURRIS, | ) | CASE NO.: 1:18-cv-01689 |
| | ) | |
| | ) | JUDGE JAMES S. GWIN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| APPLIED MEDICAL TECHNOLOGY, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT APPLIED MEDICAL TECHNOLOGY, INC.'S MOTION TO DISMISS CERTAIN OPT-IN PLAINTIFFS, WITH INCORPORATED MEMORANDUM IN SUPPORT**

Defendant Applied Medical Technology, Inc. ("AMT" or "Defendant"), pursuant to Rule 37 of the Federal Rules of Civil Procedure, through its undersigned counsel, respectfully request that this Court dismiss with prejudice certain opt-in plaintiffs who refused to participate in the discovery process in this litigation, specifically, Elizalde Infante, Kameisha Lee, Belon Tillman, Arazael Velazquez, Heidi Weglicki, Lois Laux, and Ashley Griffin.

**I.  RELEVANT FACTUAL BACKGROUND**

On July 20, 2018, Plaintiff Kalvin Burris ("Plaintiff") filed a hybrid putative Fair Labor Standards Act (FLSA) collective and Ohio Minimum Fair Wage Standards Act (OMFWSA) class action, asserting that he and other similarly situated AMT manufacturing employees were not paid for all hours worked, donning time, post-donning walk time, time spent washing their hands, time spent meeting with their supervisors and other employees, pre-doffing walk time, and doffing time.

On November 11, 2018 the court conditionally certified the collective action. (*See* ECF # 14). Plaintiffs' counsel issued notices to the potential collective action members, and a total of twenty-six current and former AMT employees filed consent forms to opt into the FLSA collective action. (*See* ECF # 3, 8, 19, 20-24).

Plaintiff and AMT engaged in written discovery and exchanged documents. AMT also took the deposition of Plaintiff. Additionally, AMT noticed depositions of eight of the Opt-In Plaintiffs, five of which did not appear for deposition without excuse or explanation. (*See* Exhibit 1, Declaration of Mark Fusco). AMT also issued short discovery questionnaires to the remaining Opt-In Plaintiffs that were not issued Notices of Deposition. (*Id.*, at ¶ 10). AMT did not receive any responses to the discovery questionnaires issued to Opt-In Plaintiffs Lois Laux and Ashley Griffin. (*Id.*, at ¶ 11). Consistent with this complete disregard for the discovery process, Plaintiffs' counsel filed Notices with this Court withdrawing the consent of Opt-In Plaintiffs Elizalde Infante, Kameisha Lee, Belon Tillman, Arazael Velazquez, Heidi Weglicki, Lois Laux, and Ashley Griffin. (*See* ECF # 26, 29, 32).

AMT is now before the Court seeking to dismiss these seven Opt-In Plaintiffs' claims with prejudice for their failure to participate in discovery.

**II.  LAW AND ARGUMENT**

Rule 37 of the Federal Rules of Civil Procedure provides that "[t]the court . . . may, on motion, order sanctions, if a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed.R.Civ.P. 37(d)(1)(A)(i). The appropriate type of sanctions range from issuance of a contempt order to the dismissal of the action. *See* Fed.R.Civ.P. 37(b)(2)(A)(i)-(vi) and (d)(3). This Court has previously held that an opt-in plaintiff's failure to appear for a noticed deposition should result in a dismissal of their claims with prejudice. *See*

*Hurt v. Commerce Energy, Inc., et al.*, No. 1:12-CV-758, 2014 WL 3615807, *4 (N.D.Ohio July 21, 2014).

Other courts considering this issue have, likewise, issued dismissal orders. In *Morgan v. Family Dollar Stores,* 551 F.3d 1233, 1245 (11th Cir. 2008), the court upheld the dismissal with prejudice of several opt-in plaintiffs who failed to appear for their scheduled depositions.

Further, courts have found that the failure of a FLSA opt-in plaintiff to participate in written discovery necessitates dismissal of that opt-in plaintiff from the action. *See Edwards v. CFI Sales & Marketing, Inc.,* No. 6:09-cv-234-Orl-28GJK, 2011 WL 2198687, at *9-10 (M.D. Fla. June 3, 2011) (requiring opt-in plaintiffs in an FLSA collective action to answer court's interrogatories and dismissing them for failing to do so); *Brennan v. Qwest Communications Intern., Inc.*, Civil No. 07-2024 ADM/JSM, 2009 WL 1586721, at *25-*31 (D.Minn. June 4, 2009) (dismissing opt-in plaintiffs in an FLSA collective action for failure to meet court requirements of appearing for deposition or responding to written discovery requests). Additionally, a non-responsive plaintiff's failure to cooperate with his/her counsel's attempt to comply with court orders is "inaction demonstrat[ing] a disrespect for the Court's authority." *Scott v. Raudin McCormick, Inc.,* No. 08-4045-EFM, 2010 WL 3125955, at *5 (D.Kan. Aug. 6, 2010) (dismissing opt-in plaintiffs who failed to respond to discovery requests and court orders).

In the instant case, five Opt-In Plaintiffs specifically selected for deposition have refused to participate in this litigation. Additionally, two Opt-In Plaintiffs failed to provide responses to AMT's discovery requests. These failures occurred after all potential collective action members were sent Court-approved notices, which expressly informed them that they may be asked to "answer questions under oath, and/or testify in court at trial or another proceeding." (*See* ECF # 11-1). These Opt-In Plaintiffs' refusal to participate is disrespectful to the judicial process and

this Court, especially as they have come forward with no valid excuse for their failures. Dismissal of these plaintiffs from this action is the only appropriate remedy, as an order to compel their depositions and discovery responses at this juncture of the litigation would be futile, and AMT has been unfairly prejudiced by their actions or inactions. Accordingly, the failure to participate in this action warrants their dismissal, with prejudice.

### III. CONCLUSION

For the foregoing reasons and authority, Defendant Applied Medical Technology, Inc. respectfully requests that Opt-In Plaintiffs Elizalde Infante, Kameisha Lee, Belon Tillman, Arazael Velazquez, Heidi Weglicki, Lois Laux, and Ashley Griffin be dismissed, with prejudice.

Respectfully submitted,

*/s/ Mark S. Fusco*
Mark S. Fusco (Reg. No. 0040604)
  Email: mfusco@walterhav.com
  Direct Dial: 216-619-7839
Rina R. Russo (Reg. No. 0087761)
  Email: rrusso@walterhav.com
  Direct Dial: 216-928-2928
Jessica B. Loucks (Reg. No. 0097498)
  Email: jloucks@walterhav.com
  Direct Dial: 216-916-2479

WALTER | HAVERFIELD LLP
The Tower at Erieview
1301 E. Ninth Street, Suite 3500
Cleveland, Ohio 44114
Telephone: 216-781-1212
Facsimile:  216-575-0911

*Attorneys for Defendant*
*Applied Medical Technology, Inc.*

{02832426 - 1}                           4

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was served electronically this 20th day of March, 2019.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

                                      /s/ *Mark S. Fusco*
                                      One of the Attorneys for
                                      Applied Medical Technology, Inc.