UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KALVIN BURRIS, on behalf of himself and all others similarly situated, </br></br>　　　　Plaintiff, </br></br>　vs. </br></br>APPLIED MEDICAL TECHNOLOGY, INC. </br></br>　　　　Defendant. | ) CASE NO. 1:18-cv-01689 </br> ) </br> ) JUDGE JAMES S. GWIN </br> ) </br> ) </br> ) </br> ) **ORDER OF DISMISSAL AND** </br> ) **APPROVING SETTLEMENT** </br> ) </br> ) </br> ) |

THIS CAUSE having come before the Court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal With Prejudice, including the Joint Stipulation of Settlement and Release ("Settlement"), the General Settlement and Release Agreement, and the Declaration of Chastity L. Christy, and due cause appearing therefore, it is hereby ORDERED AND ADJUDGED as follows:

　　　1.　　On July 20, 2018, Plaintiff Kalvin Burris filed his Complaint initiating a "collective action" on behalf of himself and all individuals similarly situated against Defendant Applied Medical Technology, Inc. for its failure to pay Plaintiff and other similarly-situated employees for all hours worked, including overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03. (ECF 1.)  Specifically, Plaintiff alleged that Defendant did not pay Plaintiff and other similarly-situated employees for all hours worked, and failed to pay Plaintiff and other similarly-situated employees for: a) changing into and out of their uniform and personal

protective equipment, including but not limited to a smock, hairnet, mask, shoe covers, gloves, boots and/or safety glasses; b) washing their hands; c) meeting with their supervisors and/or employees on the previous shift to get assignments; d) walking to and from their assigned area of the manufacturing floor; and e) doffing time. (ECF 1.)

2. On October 31, 2018, the Parties filed their Joint Stipulation to Conditional Certification and Notice, stipulating to the following FLSA Class: "All former and current non-exempt manufacturing employees of Applied Medical Technology, Inc. between November 14, 2015 and the present."

3. On November 14, 2018, the Notice was mailed and emailed to potential class members, and the Notice Period closed on December 14, 2018.

4. Defendant filed a Motion for Summary Judgment on February 18, 2019 (ECF 28), to which Plaintiff filed his Opposition Brief on March 4, 2019 (ECF 31), and Defendant filed its Reply Brief on March 11, 2019 (ECF 33).

5. The Parties stipulate to this Court that they engaged in substantial investigation and discovery prior to negotiating the Settlement, and relevant information was exchanged, including written discovery and depositions relating to Plaintiffs' claims and Defendant's defenses.

6. The Parties stipulate to this Court that they engaged in a comprehensive exchange of information regarding Plaintiffs' claims and Defendants' defenses to such claims. This included a complete analysis and calculations of Plaintiffs' and Opt-In Party Plaintiffs' overtime and minimum wage damages.

7. The Parties agree that bona fide disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether

they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA.

8. Furthermore, there is a bona fide dispute over whether the two-year or three-year statute of limitations applies and whether Plaintiffs would be entitled to liquidated damages as Defendant claims it did not act willfully and has a good faith defense.

9. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on March 18, 2019 on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to the Parties' Joint Motion.

10. The Court hereby accepts and approves the proposed settlement and holds that the proposed settlement submitted by the Parties is a fair and reasonable settlement of a bona fide dispute over the provisions of the Fair Labor Standards Act.

11. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

12. The above case is hereby DISMISSED WITH PREJUDICE; each party to bear their own attorneys' fees and costs except as otherwise provide by the Settlement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this  3rd  day of  April , 2019.

                                               *s/ James S. Gwin*
                                               HONORABLE JUDGE JAMES S. GWIN